Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrida<br><br>v.<br><br>LUIS JAVIER RAMOS RODRÍGUEZ<br><br>Peticionario | KLAN202400933 | Apelación acogida como *Certiorari* Procedente del Tribunal de Primera Instancia, Sala de UTUADO<br><br>Caso Núm.: L SC2021G0074<br><br>Sobre: Art. 404 B, Ley 4 (Posesión de Sustancias Controladas sin Receta) |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 5 de diciembre de 2024.

El 17 de octubre de 2024, el Sr. Luis J. Ramos Rodríguez (en adelante, peticionario o señor Ramos) sometió ante este Tribunal de Apelaciones una *Petición de Apelación* en la que nos solicitó la revocación de la *Sentencia Decretando Revocación Final de Probatoria* emitida por el Tribunal de Primera Instancia, Sala de Utuado (en adelante, TPI o foro primario) con fecha de 29 de agosto de 2024, notificada el 11 de septiembre de 2024. Por virtud del aludido dictamen, el TPI declaró Ha Lugar la *Moción Solicitando Revocación* sometida por el Ministerio Público.[1] Consecuentemente, el foro primario revocó el privilegio otorgado en probatoria y ordenó el cumplimiento en cárcel con una pena fija de tres (3) años consecutiva con cualquier otra sentencia dictada por el Tribunal.

---

[1] En el presente recurso, el señor Ramos hizo alegación de culpabilidad por violación al Art. 404 de la Ley de Sustancias Controladas e hizo un convenio para beneficiarse del programa TASC drug court y suspender su Sentencia a los fines de obtener el beneficio de libertad a prueba. Por ello, el *certiorari* es el vehículo ideal para recurrir en revisión ante este Tribunal de Apelaciones. Así pues, acogemos la Apelación de epígrafe como un *certiorari*. Sin embargo, para fines administrativos, mantenemos la codificación alfanumérica que la Secretaría de este foro le asignó al caso.

Examinado el expediente y sopesados los argumentos de las partes, **denegamos** expedir el auto solicitado.

I.

El 12 de enero de 2022, tras hacer alegación de culpabilidad, el señor Ramos fue encontrado culpable por el Art. 404 (b) de la Ley Núm. 4 de 23 de junio de 1971, según enmendada, intitulada *Ley de Sustancias Controladas de Puerto Rico*, 24 LPRA sec. 2404. Luego, el 17 de marzo de 2022, las partes presentaron un *Convenio Para Tratamiento Programa TASC de Puerto Rico*. Mediante este, el peticionario aceptó someterse a tratamiento y rehabilitación en un programa de la Administración de Servicios de Salud Mental y Contra la Adicción o un programa privado, supervisado y licenciado por la administración.

En la misma fecha, a saber, el 17 de marzo de 2022, el TPI emitió una *Resolución* en la cual ordenó la paralización de los procedimientos con el consentimiento del señor Ramos. Asimismo, lo sometió a libertad a prueba por el término de dieciocho (18) meses a cinco (5) años. Por último, suspendió el pago de $300.00 de la pena especial sujeto a cumplimiento de la *Sentencia*, bajo las siguientes condiciones:

1. El (la) probando cooperará en todo momento con el Programa TASC para la evaluación de su caso y contestará y suplirá, veraz y fielmente, todas las preguntas e información que se le solicite. No encubrirá sus actividades, ni ocultándose ni mintiendo acerca de las mismas. No entorpecerá en forma alguna, la investigación y supervisión de su caso.

2. Ingresará en el Programa para la Rehabilitación de Adictos que se le asigne en la fecha, hora y sitio que el Programa TASC le indique y permanecerá en el mismo hasta su total rehabilitación. Cualquier cambio de Programa que se necesite para su rehabilitación deberá autorizarse expresamente por el Tribunal a petición del funcionario del Programa TASC.

3. Mientras el (la) probando se encuentre en el Programa de Rehabilitación, cooperará con las autoridades de la institución en todo momento y se someterá a todos aquellos exámenes de laboratorio, médicos, psiquiátricos y sicológicos que el Programa TASC le indicare como necesarios para lograr su rehabilitación y/o supervisión para determinar si se están cumpliendo las presentes

condiciones y si el (la) probando está haciendo esfuerzos para rehabilitarse.

4. Permanecerá dentro de la jurisdicción territorial del Tribunal Superior, Sala de Utuado. En el momento en que decida trasladar su residencia, deberá solicitar permiso del Programa TASC. No podrá abandonar el territorio de Puerto Rico sin permiso expreso del Tribunal.

5. No podrá visitar, administrar o trabajar en negocios o sitios públicos donde se vendan o se haga uso de bebidas alcohólicas, ni podrá estar presente en sitios donde se lleven a cabo: juegos de azar prohibidos por ley ni en centros de dudosa reputación. No hará uso de bebidas alcohólicas.

6. Se abstendrá de usar drogas narcóticas u otros estupefacientes salvo por prescripción médica.

7. No se asociará con personas que tengan reputación de adictos o vendedores de drogas.

8. Siempre que el Programa a que se acoja, se lo permita, gestionará trabajo y se mantendrá empleado todo el tiempo que le sea posible. Informará siempre al Programa TASC de todo cambio de empleo o cesantía y de las razones para ello.

9. Cualquier violación de cualquier ley vigente en Puerto Rico o los Estados Unidos, cualquier conducta antisocial o reñida con la moral y la violación de cualquiera o cualesquiera de las condiciones que se le imponen, conllevarán la revocación de esta Resolución y se procederá a dictar sentencia en el caso.

Si durante el período puesto a prueba, el acusado no viola ninguna de las condiciones y, terminado dicho período, el Programa donde está recibiendo tratamiento certifica su rehabilitación, el Tribunal, en el ejercicio de su discreción y previa celebración de vista, podrá exonerar al acusado y sobreseer el caso en su contra.

La Secretaría del Tribunal conservará el expediente de este caso con carácter confidencial, no accesible al público y separado de otros récords.

CONDICIONES ESPECIALES:
Se adoptan las condiciones impuestas en el convenio y se resaltan las siguientes;

- Recibirá tratamiento interno en Hogar CREA de Mayagüez (será ingresado el día 18 de marzo de 2022 por el Sr. Edwin Ortiz) y cualquier otro tratamiento que se le ofrezca.
- No frecuentar lugares de venta y consumo de drogas controladas, ni alcohol.

Así las cosas, el 25 de enero de 2023, el Ministerio Público presentó una *Moción Solicitando Revocación*. En síntesis, informó que el señor Ramos

se encontraba disfrutando de los beneficios de libertad a prueba conforme a las Reglas de Procedimiento Criminal. No obstante, indicó que, el peticionario violó las condiciones núm. 5, 6 y 7 impuestas en la *Resolución* que emitió el foro primario el 17 de marzo de 2022. Por lo tanto, solicitó la revocación de la libertad a prueba.

Tras varios trámites procesales los cuales no son necesarios pormenorizar, el 25 de agosto de 2024, se celebró la vista de revocación. Conforme surge de la *Minuta*, el señor Ramos se allanó al informe de la Trabajadora Social. Además, expresó en corte abierta que incumplió su *Convenio Para Tratamiento Programa TASC de Puerto Rico* al abandonar el programa de Hogar CREA. Entiéndase, faltó en tres (3) ocasiones a su tratamiento y arrojó positivo a sustancias controladas, por lo que reconocía su error. En virtud de lo anterior, el foro primario revocó la *Resolución* emitida el 17 de marzo de 2022. Por lo cual, determinó lo siguiente:

> En el caso L SC2021G0074 se impone la pena fija de tres años. Se abona seis meses de lo que ha cumplido hasta el momento. Debe cumplir dos años y medio en una Institución Penal. Si hizo algún tiempo en preventiva se le debe abonar. Se exime del pago de la Pena Especial.

Posteriormente, el 29 de agosto de 2024, el TPI emitió su *Sentencia Decretando Revocación Final de Probatoria* que se notificó el 11 de septiembre de 2024. Mediante esta, realizó las siguientes determinaciones de hechos:

> El 17 de marzo de 2022 se le concedió al acusado de epígrafe la libertad a prueba por un período de dieciocho (18) meses a cinco (5) años. Al probando le fueron interpretadas las condiciones de su libertad a prueba y manifestó no tener dudas al respecto a las mismas.

> El Ministerio Público solicitó la revocación de la libertad a prueba concedida, la cual se radicó el 25 de enero de 2023 por violación de condiciones.

En virtud de las determinaciones de hechos formuladas, el TPI declaró Ha Lugar la *Moción Solicitando Revocación*. En consecuencia, revocó el privilegio otorgado en probatoria al señor Ramos y, ordenó el cumplimiento en cárcel a una pena fija de tres (3) años consecutiva con

cualquier otra sentencia dictada por el Tribunal. A su vez, aclaró que el peticionario abonó seis (6) meses cumplidos en probatoria.

Inconforme, el 12 de septiembre de 2024, el señor Ramos presentó su *Solicitud de Reconsideración*. En síntesis, alegó que la *Sentencia* emitida era punitiva, puesto que, lo que restaba para cumplir con el programa de Hogar CREA eran dos (2) meses. Por ello, solicitó se reconsiderara dicha *Sentencia* y, ordenara el cumplimiento de esta por el remanente de los dos (2) meses que restaban para completar el programa a ser cumplidos en cárcel. En la alternativa, solicitó que el foro primario emitiera una sentencia menos punitiva con el propósito de lograr su rehabilitación.

Atendido el escrito, el 16 de septiembre de 2024, el foro primario emitió una *Orden*, que se notificó al día siguiente, en la cual declaró No Ha Lugar la *Solicitud de Reconsideración*. En desacuerdo con lo decidido, el 17 de octubre de 2024, el peticionario instó el recurso de apelación de epígrafe en el que señaló la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia al declarar mediante Sentencia No Ha Lugar la moción de reconsideración ante su consideración y en su consecuencia dictar sentencia decretando revocación final de probatoria condenando al probando a cumplir tres (3) años [de] cárcel constituyendo su decisión un castigo cruel e inusitado.

Examinado este escrito, el 21 de octubre de 2024, dictamos *Resolución* mediante la que le ordenamos a la parte recurrida a someter su posición en cuanto al recurso de epígrafe. Conforme ordenado, 14 de noviembre de 2024, la Oficina del Procurador General presentó su *Escrito en Cumplimiento de Orden y Solicitud de Desestimación*.

Con el beneficio de la comparecencia de ambas partes, damos por sometido el asunto y procedemos a resolver.

## II.

### -A-

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. 800 Ponce de León v. AIG, 205 DPR 163 (2020). La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016); Negrón v. Srio. de Justicia, 154 DPR 79, 91 (2001). Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

Así, el examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. 800 Ponce de León v. AIG, *supra*. Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*. Estos son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. Mun. de Caguas v. JRO Construction, 201 DPR 703, 712 (2019). La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación." Scotiabank v. ZAF Corp. et al., *supra*, págs. 486-487; Mun. De Caguas v. JRO Construction, *supra*.

**-B-**

La Regla 193 de Procedimiento Criminal, 34 LPRA Ap. II, R. 193, establece las condiciones para presentar una apelación ante el Tribunal de Apelaciones. Específicamente, dicha Regla dispone lo siguiente:

> Las sentencias finales dictadas en casos criminales originados en el Tribunal de Primera Instancia podrán ser apeladas por el acusado en la forma prescrita por estas reglas. En estos casos, el acusado podrá establecer una apelación para ante el Tribunal de Circuito de Apelaciones, **excepto en los casos de convicción por alegación de culpabilidad, en los cuales procederá únicamente un recurso de *certiorari*, en cuyo caso el auto será expedido por el Tribunal de Circuito de Apelaciones a su discreción.** La solicitud de *certiorari* deberá presentarse dentro de los treinta (30) días siguientes a la fecha en que la sentencia fue dictada. Este término es jurisdiccional. (Énfasis suplido).

Por su parte, el inciso (a) de la Regla 32 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, establece que:

> (A) El recurso de *certiorari* para revisar las sentencias en los casos de convicción por alegación de culpabilidad se formalizará mediante la presentación de una solicitud dentro de los treinta días siguientes a la fecha en que se haya dictado la sentencia recurrida. Este término es jurisdiccional.

III.

Por virtud del recurso de epígrafe, el señor Ramos reclama ante nos que el foro primario incidió al declarar No Ha Lugar la *Solicitud de Reconsideración* y, en consecuencia, dictar *Sentencia* mediante la cual revocó la probatoria e impuso una pena fija de tres (3) años de cárcel. Sostuvo que

ello constituía un castigo cruel e inusitado. Particularmente, argumentó que había completado un periodo de dieciocho (18) meses en el programa de Hogar CREA y que solo restaban dos (2) meses para completar dicho programa. Por tanto, razonó que imponer una pena de tres (3) años de cárcel constituía una pena desproporcional al delito cometido.

Hemos evaluado el expediente y no encontramos circunstancias algunaque justifique nuestra intervención con la determinación recurrida. En el caso ante nuestra consideración, no existe circunstancia alguna que amerite la corrección o modificación de la revocación de libertad a prueba del señor Ramos. Siendo ello así, no encontramos razón o fundamento alguno que nos permita concluir que el foro sentenciador erró al revocar la libertad a prueba del peticionario, de manera que debamos revocar o modificar dicha determinación.

Cabe precisar que, en la vista que se celebró el 25 de agosto de 2024, el Peticionario se allanó al informe de la Trabajadora Social. Además, admitió que incumplió su *Convenio Para Tratamiento Programa TASC de Puerto Rico* al abandonar el programa de Hogar CREA.

IV.

Por todo lo antes consignado, denegamos expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones